1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

                                ----oo0oo----

11

12
    GARY LOHSE and HANNEKE LOHSE,    CIV. NO. 2:15-2623 WBS KJN
13
                 Plaintiffs,          MEMORANDUM AND ORDER RE: MOTION
14                                     TO DISMISS
           v.
15
    DEUTSCHE BANK TRUST COMPANY
16  AMERICAS AS TRUSTEE FOR
    RESIDENTIAL ACCREDIT LOANS,
17  INC. PASS THROUGH
    CERTIFICATES 2006-Q03;
18  NATIONSTAR MORTGAGE, LLC; and
    DOES 1 through 10, inclusive,
19
                 Defendants.
20

21                              ----oo0oo----

22            Plaintiffs Gary Lohse and Hanneke Lohse brought this

23  action against defendants Deutsche Bank Trust Company Americas as

24  Trustee for Residential Accredit Loans, Inc. ("Deutsche Bank")

25  and Nationstar Mortgage, LLC ("Nationstar"), arising out of

26  defendants' allegedly wrongful conduct related to a mortgage

27  loan.  The matter is now before the court on defendants' motion

28  to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)

                                    1

1   for lack of subject matter jurisdiction and 12(b)(6) for failure

2   to state a claim upon which relief can be granted. (Mot. (Docket

3   No. 6).)

4          Prior to filing this action, plaintiffs had brought

5   three separate lawsuits based upon the mortgage at issue here.[1]

6   First, in 2011, plaintiffs sued their mortgage loan servicer at

7   the time, Aurora Bank FSB and its subsidiary, Aurora Loan

8   Services, LLC (collectively, "Aurora"). See Newhouse v. Aurora

9   Bank FSB, 915 F. Supp. 2d 1159, 1161 (E.D. Cal. 2013) (Mueller,

10  J.). The complaint in that case was filed in Sacramento County

11  Superior Court and the action was subsequently removed to this

12  district on the basis of diversity jurisdiction. Id. at 1161-62.

13  Plaintiffs in that case alleged that during the origination of

14  the 2006 Mortgage, they were deceived into believing they were

15  entering a traditional, arms-length, lender-borrower

16  relationship, when in fact their loan was immediately bundled,

17  packaged, and sold to investors. Id. at 1162.

18         Plaintiffs brought claims against Aurora for

19  (1) rescission of the Mortgage based on plaintiffs' mistaken

20  belief they were entering into a traditional mortgage agreement,

21  (2) negligence in loan origination, and (3) misrepresentation

22  related to their request for a modification of the Mortgage in

23  2009. See id. at 1165-68. The court dismissed plaintiffs' first

24  ───────────────

25  [1]   The court takes judicial notice of the filings in those
    actions. See United States ex rel. Robinson Rancheria Citizens
26  Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)
    (stating that a federal court may take judicial notice of records
27  and "proceedings in other courts, both within and without the
    federal judicial system, if those proceedings have a direct
28  relation to matters at issue").

                                  2

1  two claims with prejudice because they were preempted by the Home

2  Owners Loan Act of 1933, and it granted plaintiffs leave to amend

3  their misrepresentation claim to satisfy the heightened pleading

4  standard under Rule 9(b).  See id.  Plaintiffs subsequently

5  dismissed their action against Aurora with prejudice.  Newhouse

6  v. Aurora Bank FSB, Civ. No. 2:12-223 KJM KJN, 2013 WL 2449536

7  (E.D. Cal. June 5, 2013) (ECF Nos. 93, 96).

8          Second, in February 2014, plaintiffs filed an action in

9  the Northern District of California against Nationstar, one of

10  the defendants here, and Aztec Foreclosure Corporation ("Aztec").

11  See Lohse v. Nationstar Mortgage, Civ. No. 3:14-514 JCS, 2014 WL

12  5358966, at *1 (N.D. Cal. Oct. 20, 2014).  Plaintiffs alleged

13  that Nationstar took over the servicing of their Mortgage on

14  behalf of Deutsche Bank in 2012 after plaintiffs had defaulted on

15  the payments.  Id. at *1-2.  Nationstar allegedly retained Aztec

16  to foreclose on the real property that secured the Mortgage.  Id.

17          Plaintiffs brought claims against Nationstar under the

18  federal Fair Debt Collection Practices Act and Rosenthal Fair

19  Debt Collection Practices Act, alleging Nationstar failed to

20  notify consumer reporting agencies that plaintiffs disputed their

21  debt under the Mortgage.  Id. at *2, *8.  Plaintiffs ultimately

22  settled those claims and dismissed their action against

23  Nationstar and Aztec with prejudice.  See id. at *1 n.1; Lohse,

24  2014 WL 5358966 (N.D. Cal. Feb. 13, 2015) (ECF No. 69) (Order

25  Granting Stipulation of Dismissal with Prejudice).

26          Third, plaintiffs filed a separate lawsuit in February

27  2014 in the Solano County Superior Court against Nationstar,

28  Deutsche Bank, Aztec, and MERS, arising out of the real property

3

1   that secured the Mortgage.  See <u>Lohse v. Nationstar Mortgage,</u>

2   <u>LLC</u>, Civ. No. FCS043010 (Cal. Sup. Ct. filed Feb. 6, 2014).[2]  The

3   Superior Court granted the defendants' demurrer and entered

4   judgment dismissing plaintiffs' action with prejudice.  See <u>id.</u>

5   (June 16, 2014 Judgment of Dismissal).  Plaintiffs appealed the

6   judgment and that appeal is presently pending before the Court of

7   Appeal of California, First Appellate District.  See <u>Lohse v.</u>

8   <u>Nationstar Mortgage, LLC</u>, Civ. No. A142814 (Cal. Ct. App. filed

9   Aug. 19, 2014).

10              Finally, in December 2015, plaintiffs brought the

11  present action against Nationstar and Deutsche Bank.  (Compl.

12  (Docket No. 1).)  Plaintiffs allege that during the origination

13  of their Mortgage, they were not provided proper notices of their

14  right to rescind within three business days as required by the

15  Truth in Lending Act ("TILA"), 15 U.S.C. § 1635(a).  (<u>Id.</u> ¶ 4.)

16  According to plaintiffs, after discovering alleged fraud in

17  connection with the origination of their Mortgage, plaintiffs

18  sent written notice to Nationstar on August 21, 2015 rescinding

19  the Mortgage transaction.  (<u>Id.</u> ¶¶ 4-6, Ex. A, Ex. B at 2.)

20  Plaintiffs' letter to Nationstar asserted that the 2006

21  promissory note and Deed of Trust were void because plaintiffs'

22  signatures were fraudulently obtained and because plaintiffs did

23

24          [2]   The court takes judicial notice of the docket entries
    in case number FCS043010 on the Solano County Superior Court's
25  website because they are matters of public record whose accuracy
    cannot reasonably be questioned. <u>E.g.</u>, <u>Borneo</u>, 971 F.2d at 248
26  (taking judicial notice of a final judgment entered in California
    court); <u>see also</u> Fed. R. Evid. 401(c)(2) (judicial notice
27  required "if a party requests it and the court is supplied with
    the necessary information"); (Mot. at 1 n.1).
28

                                    4

1    not receive proper disclosures under TILA at the time of

2    origination.  (See id.)

3           Plaintiffs allege in this action that defendants

4    violated TILA section 1635(b) by failing to cancel the Mortgage

5    and return the real property and all money paid by plaintiffs

6    within twenty days after receiving plaintiffs' notice to rescind.

7    (Id. ¶¶ 7, 11-12.)  On that basis, plaintiffs seek a declaratory

8    judgment that (1) the 2006 Mortgage transaction is void as a

9    matter of law; (2) all documents recorded against the real

10   property that secured the Mortgage are void; and (3) plaintiffs

11   hold title to the subject property as sole owners unencumbered by

12   any claim by defendants.  (Id. ¶ 12.)

13                              DISCUSSION

14          TILA aims to "avoid the uninformed use of credit."  15

15   U.S.C. § 1601(a).  The Act "has the broad purpose of promoting

16   the informed use of credit by assuring meaningful disclosure of

17   credit terms to consumers."  Ford Motor Credit Co. v. Milhollin,

18   444 U.S. 555, 559 (1980) (internal quotation marks omitted).

19   TILA "requires creditors to provide borrowers with clear and

20   accurate disclosures of terms dealing with things like finance

21   charges, annual percentage rates of interest, and the borrower's

22   rights."  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412, (1998).

23          "Failure to satisfy the Act subjects a lender to

24   criminal penalties for noncompliance, as well as to statutory and

25   actual damages traceable to a lender's failure to make the

26   requisite disclosures."  Id. (citations omitted).  "To effectuate

27   TILA's purpose, a court must construe the Act's provisions

28   liberally in favor of the consumer and require absolute

1   compliance by creditors."  <u>Hauk v. JP Morgan Chase Bank USA</u>, 552

2   F.3d 1114, 1118 (9th Cir. 2009) (internal quotation marks

3   omitted); <u>see</u> <u>Jackson v. Grant</u>, 890 F.2d 118, 120 (9th Cir. 1989)

4   ("Even technical or minor violations of the TILA impose liability

5   on the creditor.").

6          1.   <u>Timeliness of TILA Rescission</u>

7          For the following reasons, plaintiffs' claim for

8   rescission of their Mortgage under TILA is time-barred.  (<u>See</u>

9   Mot. at 1-2.)  Plaintiffs allege that their August 21, 2015

10  notice of rescission that was sent to Nationstar properly

11  rescinded their 2006 Mortgage pursuant to TILA section 1635.

12  (Compl. ¶¶ 10-12.)  Section 1635 provides borrowers an

13  unconditional right to rescind certain loans "until midnight of

14  the third business day following the consummation of the

15  transaction or the delivery of the [requisite disclosures under

16  TILA], whichever is later, by notifying the creditor" of their

17  intention to rescind.  15 U.S.C. § 1635(a).  Creditors are

18  required to notify borrowers of this right to rescind and to

19  supply them with the forms necessary to exercise that right.

20  <u>Id.</u>; 12 C.F.R. § 226.23(b)(1) (listing the form and content of

21  the disclosures required to satisfy notice of the right to

22  rescind).

23         Under section 1635, "if a lender <u>never</u> makes the

24  required disclosures, the 'right of rescission shall expire three

25  years after the date of consummation of the transaction or upon

26  the sale of the property, whichever comes first.'"  <u>Jesinoski v.</u>

27  <u>Countrywide Home Loans, Inc.</u>, 135 S. Ct. 790, 792 (2015) (quoting

28  15 U.S.C. § 1635(f)); <u>see also</u> 12 C.F.R. § 226.23(a)(3) ("If the

6

1   required notice or material disclosures are not delivered, the

2   right to rescind shall expire 3 years after consummation.").

3   Section "1635(f) completely extinguishes the right of rescission

4   at the end of the 3-year period." Beach, 523 U.S. at 412 ; see

5   Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir.

6   2002) ("[S]ection 1635(f) represents an 'absolute limitation on

7   rescission actions' which bars any claims filed more than three

8   years after the consummation of the transaction." (citation

9   omitted)).

10         In order to have effectively rescinded their Mortgage

11  under TILA section 1635, therefore, plaintiffs were required to

12  invoke their right to rescind within the statutory three-year

13  period after consummation of the Mortgage.  "Consummation means

14  the time that a consumer becomes contractually obligated on a

15  credit transaction." 12 C.F.R. § 226.2(a)(13).  Plaintiffs do

16  not dispute that they consummated the Mortgage before February 8,

17  2006, the date they executed the Deed of Trust.  (DOT at 15; see

18  Compl. ¶ 1.)  Consequently, even assuming that defendants did not

19  provide the requisite disclosures, plaintiffs' right to rescind

20  the Mortgage expired, at the latest, on February 8, 2009.

21         Plaintiffs here sent their rescission letter to

22  Nationstar on August 21, 2015, well outside the three-year

23  limitations period.  (Compl. ¶ 4, Ex. A.)  As a result, their

24  notice to rescind was untimely by more than six years, and their

25  rescission claim under TILA is therefore time-barred. Jesinoski,

26  135 S. Ct. at 792 ("[There is] no federal right to rescind,

27  defensively or otherwise, after the 3-year period of § 1635(f)

28  has run." (citation omitted)); Miguel, 309 F.3d at 1164-65

7

1   ("Because [plaintiff] did not attempt to rescind against the

2   proper entity within the three-year limitation period, her right

3   to rescind expired.").

4          Plaintiffs also point to no authority for their

5   contention that defendants' failure to respond to their August

6   21, 2015 rescission letter within twenty days resulted in a

7   waiver of their right to contest plaintiffs' rescission under

8   TILA.  (See Compl. ¶ 7; Opp'n at 4 (Docket No. 10).)  Contrary to

9   plaintiffs' assertions, TILA does not impose an obligation on the

10  lender to bring a lawsuit against the borrower within twenty days

11  where the borrower provides the notice of rescission outside the

12  three-year statutory period.  Miguel, 309 F.3d at 1165; see also

13  Yamamoto v. Bank of New York, 329 F.3d 1167, 1172 (9th Cir. 2003)

14  (holding that neither TILA nor its implementing regulations

15  establish "that a borrower's mere assertion of the right of

16  rescission has the automatic effect of voiding the contract").

17         The Ninth Circuit has further ruled that TILA

18  "§ 1635(f) is a three-year statute of repose, requiring dismissal

19  of a claim for rescission brought more than three years after the

20  consummation of the loan secured by the first trust deed,

21  regardless of when the borrower sends notice of rescission."

22  McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1329 (9th

23  Cir. 2012).  Section 1635(f)'s three-year period is thus not

24  subject to equitable tolling.  Id. at 1329-30; Miguel, 309 F.3d

25  at 1164-65; see Balam-Chuc v. Mukasey, 547 F.3d 1044, 1048-50

26  (9th Cir. 2008) (explaining that unlike a statute of limitations,

27  a statute of repose is not subject to equitable tolling).

28         2.  Declaratory Relief

8

1    Because plaintiffs' complaint does not state a

2  cognizable claim under TILA, it likewise fails to state a claim

3  for declarative relief pursuant to the Declaratory Judgment Act

4  ("DJA"), 28 U.S.C. § 2201 <u>et seq.</u>  (Compl. ¶ 8.)  It is well

5  recognized that "where a plaintiff has alleged a substantive

6  cause of action, a declaratory relief claim should not be used as

7  a superfluous 'second cause of action for the determination of

8  identical issues' subsumed within the first." <u>Jensen v. Quality</u>

9  <u>Loan Serv. Corp.</u>, 702 F. Supp. 2d 1183, 1189 (E.D. Cal. 2010)

10 (Wanger, J.) (citation omitted); <u>see also</u> <u>United States v.</u>

11 <u>Washington</u>, 759 F.2d 1353, 1356–1357 (9th Cir. 1985)

12 ("Declaratory relief should be denied when it will neither serve

13 a useful purpose in clarifying and settling the legal relations

14 in issue nor terminate the proceedings and afford relief from the

15 uncertainty and controversy faced by the parties.").  Plaintiffs'

16 Complaint does not suggest that their declaratory judgment claim

17 would entitle them to any relief beyond what they request

18 pursuant to their substantive TILA rescission claim.

19    3.  <u>State Law Claims</u>

20    Plaintiffs seek to bring state law claims for quiet

21 title, cancellation of instrument, and fraud.  (See Compl. ¶¶ 4-

22 6, 12.)  Plaintiffs do not assert that jurisdiction is proper

23 under diversity of citizenship, and the Complaint does not

24 contain facts sufficient to establish that diversity jurisdiction

25 exists here.  Accordingly, because the court dismisses the only

26 claim over which it may have had original jurisdiction, pursuant

27 to 28 U.S.C. § 1367(c)(3), the court declines to exercise

28 supplemental jurisdiction over those state law claims.

1          4.  Leave to Amend

2          The decision to grant leave to amend the pleadings is

3  within the sound discretion of the district court.  See DCD

4  Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987).

5  When granting a defendant's motion to dismiss, the court need not

6  give the plaintiff leave to amend the complaint if it "determines

7  that the pleading could not possibly be cured by the allegation

8  of other facts."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.

9  2000) (en banc) (citation omitted).  In other words, leave to

10 amend need not be granted when amendment would be futile.

11 Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).  Here,

12 the court cannot perceive how plaintiffs could amend their

13 complaint to state a timely claim under TILA.

14         IT IS THEREFORE ORDERED that defendants Deutsche Bank

15 Trust Company Americas as Trustee for Residential Accredit Loans,

16 Inc. and Nationstar Mortgage, LLC's motion to dismiss (Docket No.

17 6) be, and the same hereby is, GRANTED, without leave to amend.

18 Dated:  April 4, 2016

19 _____

20 WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28